### EX PARTE J. H. WRIGHT.

No. 1808. Decided January 25, 1899.

**Jurisdiction—Appeal Does Not Lie from an Order Refusing to Reduce Bail on Motion.**

An order of court refusing to reduce the amount of bail fixed for a defendant in a prosecution for murder, if predicated only upon a motion for that purpose, is not such a final order as authorizes an appeal, and the Court of Criminal Appeals has no jurisdiction to entertain such appeal.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from an order of court refusing to reduce the amount of bail upon a motion made for that purpose.

A motion was made by the Assistant Attorney-General to dismiss the appeal, because "the statutes of this State do not provide for an appeal from the order of the court overruling such a motion, and hence this court has no jurisdiction of this appeal."

The opinion states the case.

No briefs on file for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal by J. H. Wright from the action of the court on a motion to reduce bail. It appears that appellant is under indictment in the court below for murder, and that the court fixed the amount of bail at $2000, but under what procedure the amount of bail was fixed by the court is not shown. We presume, however, that the original action of the court in fixing the bail must have been under a writ of habeas corpus. On the 22d of December, 1898, appellant made a motion in the Criminal District Court of Harris County to reduce the amount of bail, which had been fixed by the court at the sum of $2000, alleging appellant's inability to give said amount of bail, etc. There is appended to the record a statement of facts, tending to show the inability of appellant to give said bail. The question presented for our consideration, however, is, have we jurisdiction of said motion?

Concede that appellant had a right to make a motion to reduce bail in the court below, still it does not follow that he could appeal from said motion. The action of the court in fixing the bail or reducing the amount of bail in the case pending would appear to be in limine, and not such final order as would authorize an appellate proceeding. The provisions of the Code authorizing habeas corpus proceedings expressly provide for appeals from the action of the court. Not so as to motions. Article 214 of the chapter on "Habeas Corpus" (Code Criminal Procedure) provides as follows: "This chapter applies to all cases of habeas corpus, for enlargement of persons illegally held in custody, or in any manner restrained of their personal liberty, for the admission of prisoners to bail, and for the discharge of prisoners before indictment, upon a hearing of the testimony. Instead of the writ of habeas corpus in other cases where heretofore used, a simple order shall be substituted." A simple order in a case pending may be resorted to under articles 504 and 604 of the Code of Criminal Procedure, because these statutes appear to provide for such a mode of procedure. But there is no provision with reference to an appeal from such orders. We hold that, in the absence of any statutory provision authorizing an appeal from the order

of the court in this case refusing bail, we have no jurisdiction to entertain this appeal. The motion to dismiss the appeal is accordingly sustained, and the appeal is dismissed.

*Dismissed.*