## Jesse Bostick v. The State.

No. 4495.   Decided May 30, 1917.

**Gaming—Judgment Nisi—Plea of Guilty—Final Judgment.**
Where appellant's bail bond has been forfeited, and he thereafter demanded a trial to plead guilty, which the court declined, the matters can not be considered on appeal in the absence of a final judgment in the record; besides, as there was no notice of appeal, etc., appeal must be dismissed.

Appeal from the County Court of Rockwall.   Tried below before the Hon. Kenneth Foree.

Appeal from a judgment nisi; and forfeited bail bond.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant is indicted for gaming, his case pending in the County Court.

On April 16, 1917, his bail bond was forfeited and judgment nisi entered. In a bill of exceptions filed and proved by bystanders it appears that on April 18th he appeared in term time, demanded a trial and offered to waive a jury and plead guilty. The court declined to try the case on the ground that it had been continued. By affidavit of the county attorney, found among the papers, it is stated that the plea of guilty was not tendered in open court; that at the time it was tendered the court was not in session. The record shows appellant is in jail by virtue of this indictment.

This court is unable to pass upon the questions involved for the reason there is no final judgment in the record. Article 894, Vernon's C. C. P., says: "A defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed." It has often been held in the absence of final judgment this court is without jurisdiction to hear the appeal. Republic of Texas v. Laughlin, Dallam, 412, and numerous subsequent cases listed in Vernon's Code of Criminal Procedure, page 807. Notice of appeal is also requisite. Art. 915, Vernon's C. C. P., p. 877, and cases cited. Appellant would not have the right to appeal from a judgment nisi in the forfeited bond case, but could do so only when that judgment was made final, and there being neither a final judgment in that proceeding, nor any judgment of conviction, or any notice of appeal, this court is without power in this proceeding to afford appellant the remedy he seeks, and can only enter an order dismissing the appeal for want of jurisdiction, which is here done.

*Dismissed.*