## EX PARTE HENRY BICE.

No. 10667. Delivered December 8, 1926.

### 1.—Habeas Corpus—For Reduction of Bail.

Where, on an application by the state to the district court under Art. 260, C. C. P. of 1925, to increase the amount of bail fixed by the justice of the peace on a charge of murder, and which was increased by the district court, an appeal to this court cannot be taken from such order increasing the amount of bail. The writ of habeas corpus is the only remedy to secure a reduction of bail, and where relief is denied upon a habeas corpus hearing in a court below, an appeal will then lie to this court. See Art. 136, C. C. P. of 1925. Ex Parte Meador, 93 Tex. Crim. Rep. 450; Hernandez v. State, 4 Tex. Crim. App. 425.

### 2.—Same—Original Writ of Habeas Corpus—Properly Considered.

An original writ of habeas corpus, for a reduction of bail, having been filed, pending the appeal from the order of the district court increasing relator's bail, same on agreement, will be considered in connection with the statement of facts in the original appeal.

### 3.—Same—Bail—Reduction Of—Rule Stated.

Where an application for a reduction of bail is presented by a writ of habeas corpus in this court, the nature of the offense and the circumstances under which it was committeed as well as the ability of the accused to make bond are to be considered, and proof should be made on these points. See Art. 281, C. C. P., 1925.

### 4.—Same—Continued.

Where the state witnesses make out a strong case against relator, charged with murder, and the district court has fixed his bail in the sum of $15,000, such amount in the light of the case against relator, made by the state is not excessive, in the absence of a showing of his inability to make said bond. If such showing was made, relator would be in a better attitude to ask for a reduction of the bail.

Appeal from the District Court of Brazoria County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from an order of the district court increasing bail of appellant, and an original habeas corpus, requesting a reduction of the amount of bail so fixed. Reduction of bail denied.

The opinion states the case.

*Scott Gaines* and *A. E. Masterson* of Angleton, for appellant. On amount of bail, appellant cites:

Ex Parte Finn, 48 Tex. Crim. Rep. 606.

Ex Parte Garrett, 49 Tex. Crim. Rep. 203.

Ex Parte Anglin, 277 S. W. 146.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Relator was arrested upon a complaint charging him with murder, and was granted bail by a justice of the peace in the sum of $1,200.00. There is nothing in the record by which we can determine whether evidence was heard by the justice. Subsequently an affidavit was made before the district judge having jurisdiction, said affidavit being made under authority of Art. 260, 1925 C. C. P., which set up that the bail fixed by the justice of the peace was insufficient in amount, and on the hearing by said district court the bail of relator was raised and fixed at $15,000.00. Appeal was taken to this court from said order, the legality of which appeal is now attacked. As far as we know it has never been held that a direct appeal can be taken from an order of any court, made without the intervention of a writ of habeas corpus, fixing bail in a felony case. The rule seems to be that one who thinks his bail excessive should resort to his writ of habeas corpus sought upon proper averment, and if upon hearing thereof his relief be denied, he may then appeal to this court. Art. 136, 1925 C. C. P.; Ex parte Meador, 93 Tex. Crim. Rep. 450; Hernandez v. State, 4 Tex. Crim. App. 425.

However, an original application for a writ of habeas corpus has been filed in this court on behalf of this relator alleging that the bail fixed was excessive, and an agreement has been reached between relator and the state to the effect that the statement of facts heard by the Honorable District Court of Brazoria County upon the hearing of the affidavit alleging insufficient bail, which is on file in this court at this time, may be held and considered as if filed with said application for the writ of habeas corpus, and the same will be by us so considered in connection with said application.

The facts surrounding the homicide, as shown by the state witnesses, make a strong case against relator as such as might,

in the first instance, have justified the fixing of the bail at the amount named by the district court. The record reflects no effort on the part of relator to make the bail fixed, and seems also devoid of testimony as to the financial condition of relator.

Art. 281, 1925 C. C. P. lays down rules to govern the fixing of the amount of bail. Among other things, the nature of the offense and the circumstances under which it was committed, as well as the ability of the accused to make bond, are to be considered, and proof should be made on these points. In addition to the testimony showing the nature and character of the offense herein, two witnesses gave testimony relative to relator's ability to make the bail required. Both said witnesses were sureties on the $1,200.00 bond of relator. Dr. Hamphill swore that in his opinion relator could make a bond of from three to five thousand dollars and no more; that he would not sign the bond of relator if it was fixed at ten thousand dollars, but would if it was fixed at five thousand. Mr. Ducroz said he did not think relator could make bond for over five thousand dollars. Re-examined, Ducroz said that Dr. Hamphill had a thousand-acre farm besides a lot of other property; that witness had three thousand acres of land, four hundred and fifty head of cattle and other property. No showing was made as to the other two men who were sureties on the original bond, nor as to other friends or resources to whom or to which relator might look as enabling him to make the bond fixed by the court.

Substantially a similar case appears in Ex parte McDaniel, 96 Tex. Crim. Rep. 539, the opinion in which cites cases where the reduction of bail was sought without a showing made of an effort to make the bail required. We see no reason to vary from the conclusion reached by us in said cases.

We are not of opinion that the bail fixed is excessive, viewed only in the light of the case against relator made by the state; nor are we led to believe that on the showing made as to his ability to make said bond, there was any abuse of the discretion of the district judge in fixing it at said amount. If upon a reasonable showing of his inability to make the bond required, based upon other reasons than the mere conclusions in advance of some of his friends that he could not make same, it would appear to us that relator would be in a better attitude to ask for a reduction of bail.

The relief sought will be denied and relator will be remanded to the custody of the sheriff.

*Reduction of bail denied.*