## ARCH TRAPP v. THE STATE.

No. 22234. Delivered December 2, 1942.
On Motion to Reinstate Appeal January 6, 1943.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling intoxicating liquor in a dry area, punishment assessed being a fine of $125.00.

No judgment appears in the transcript. Without a judgment of conviction no appeal will lie. See authorities cited in Note 5, Art. 813, Vernon's Tex. C. C. P., Vol. 3.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This cause having been heretofore dismissed on account of there being no judgment found in the record, such defect being now remedied, we will consider the same upon the record.

This is a charged violation of the local option liquor laws of Wood County. It is necessary that the result of the local option election be pleaded and proven, as well as the publication of the order of the commissioners court of such county entering its order, prohibiting the sale of such intoxicating liquors in such county. Nowhere in the record is it shown that after the entry of the order of the commissioners court, the same was published in a newspaper as is required by law. See Akin v. State, 14 Tex. App. 142. In the absence of such order in the record, it is not therein shown and proven that it was unlawful to sell intoxicating liquor in Wood County. See Carl Craig v. State, our No. 22,317, this day decided and not yet reported. (Page 185 of this volume).

This judgment is reversed and the cause remanded.