Latoya Denette BENFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–024–CR.

Court of Appeals of Texas,
Waco.

June 16, 1999.

David S. Barron, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Douglas Howell, III, Asst. Dist. Atty., Bryan, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

A grand jury indicted Latoya Denette Benford on two separate charges of delivery of cocaine in the amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(c) (Vernon Supp.1999). Benford posted a $5,000 surety bond in each case and was released from custody. Thereafter, she was arrested for two other felonies. The State filed motions to increase the amount of her bail in the delivery cases pursuant to article 17.09, section 3 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 17.09, § 3 (Vernon 1977). After a hearing, the court granted the State's motion and increased the amount of bail to $10,000 in each case. Benford appeals the court's pre-trial bail determination.

## BACKGROUND

The indictments allege that the delivery offenses occurred "on or about" August 17, 1998 and August 24, 1998 respectively. Benford was arrested for these offenses on November 17. The next day, she entered into surety bonds in both cases and was released. According to the testimony, narcotics officers went to Benford's home on December 10 to follow up on a tip that a fugitive was staying there. As the officers knocked and announced their presence at the front door, officers at the back door saw the fugitive momentarily attempt to escape from a window at the rear of the residence. Upon seeing the officers however, he withdrew into the house. The officers entered the back door and found the fugitive hiding in a bathroom.

The officers found what they believed to be crack cocaine in the floor of the living room and in the bathroom where the fugitive was hiding. Benford was in the living room when the officers entered. The officers arrested the fugitive and detained Benford while they obtained a search warrant for her residence. She became ill and vomited once in the bathroom before the warrant was obtained and a second time in the kitchen trash can after the officers got the warrant. The officers noticed what they believed to be rocks of crack cocaine in the vomit in the trash can. They conducted a field test which revealed the presence of cocaine in the rocks Benford had vomited.

The officers charged Benford with hindering the apprehension of the fugitive

they found hiding in her home and with possession of cocaine in the amount of four grams or more but less than 200 grams. *See* TEX. PEN.CODE ANN. § 38.05(a)(1) (Vernon Supp.1999); TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon Supp. 1999).

## JURISDICTION

Before responding to the issues presented in Benford's brief, the State argues that we do not have jurisdiction over this appeal. Accordingly, we first examine our jurisdiction.

### APPELLATE RULES

The rules governing appeals were formerly set out in chapter 44 of the Code of Criminal Procedure. *See, e.g.*, Act of May 31, 1981, 67th Leg., R.S., ch. 291, §§ 123–147, 1981 Tex. Gen. Laws 761, 812–19. In 1985, the Legislature repealed the appellate rules contained in chapter 44 and granted "rulemaking power" to the Court of Criminal Appeals "to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1, 4(b), 1985 Tex. Gen. Laws 2472, 2472–73; *see also* TEX. GOV'T CODE ANN. § 22.108(a) (Vernon 1988) (providing similar grant of rulemaking authority to the Court of Criminal Appeals).

Pursuant to this rulemaking authority, the Court of Criminal Appeals (in conjunction with the Supreme Court) adopted the Texas Rules of Appellate Procedure in 1986. *See* TEX.R.APP. P. 1–234, 49 Tex.

B.J. 558 (Tex.Crim.App.1986, amended 1997). Rule 44 of the 1986 appellate rules provided the procedures to be followed in an appeal from a "bail proceeding." *Id.* 44(a), 49 Tex. B.J. 569. The current appellate rule 31 contains virtually identical provisions for an appeal from a "bail proceeding." TEX.R.APP. P. 31.

### INTERLOCUTORY APPEALS IN BAIL PROCEEDINGS

■ Article 44.02 of the Code of Criminal Procedure provides in pertinent part that a "defendant in any criminal action has the right to appeal under the rules hereinafter prescribed." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991).

In *Primrose v. State*, the trial court granted the State's motion to hold the defendant without bail pending his trial for capital murder under the provisions of article I, section 11 of the Texas Constitution. 725 S.W.2d 254 (Tex.Crim.App.1987) (per curiam); TEX. CONST. art. I, § 11. The defendant filed a direct appeal from this order with the Court of Criminal Appeals.[1] *Primrose*, 725 S.W.2d at 255. The Court dismissed the appeal for want of jurisdiction. *Id.* at 255–56.

The Court observed that article I, section 11a of the Texas Constitution expressly gives the Court of Criminal Appeals jurisdiction over pre-trial bail denials made pursuant to that constitutional provision but article I, section 11 does not.[2] *Id.* at

---

1. Actually, the defendant did not designate the court to which he was appealing. *Primrose v. State*, 725 S.W.2d 254, 255 (Tex.Crim. App.1987) (per curiam). Apparently, the district clerk forwarded the record to the Court of Criminal Appeals, where the parties filed briefs and presented oral argument. *See id.*

2. Article I, section 11a permits a trial court to deny pre-trial bail in cases where the defendant stands accused of a non-capital felony: (1) and is an habitual offender; (2) and committed the offense "while on bail for a prior felony"; (3) "involving the use of a deadly weapon after being convicted of a prior felony"; or (4) for "a violent or sexual offense" committed while in custody. TEX. CONST. art. I, § 11a. Section 11a also provides, "the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder." *Id.* On the other hand, article I, section 11 states, "All prisoners shall

255. Thus, the Court concluded that in pre-trial bail proceedings not governed by article I, section 11a "appellate jurisdiction lies in the court of appeals under the general jurisdictional provisions of Article V, §§ 5 and 6 of the Texas Constitution." *Id.* at 255–56. The Court also noted that former appellate rule 44 "clearly contemplates direct appeals 'in habeas corpus *and bail proceedings*. . . .' That appeal is to be 'taken to the court of appeals.'" *Id.* at 256 n. 3 (quoting TEX.R.APP. P. 44(a), (b), 49 Tex. B.J. 569); *see also* TEX.R.APP. P. 31.

Presiding Judge Onion concurred in the Court's determination that it had no jurisdiction but declined to join footnote 3 in which the Court observed that rule 44 contemplates direct appeals from orders in bail proceedings. *Primrose*, 725 S.W.2d at 256 (Onion, P.J., concurring).

Five years after *Primrose*, the First Court of Appeals decided on the basis of *Primrose* and rule 44 that a defendant "has the right to an appeal from the trial court's [pre-trial] order denying his motion to reduce bond." *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (citing *Primrose*, 725 S.W.2d at 256 n. 3; TEX.R.APP. P. 44(a), 49 Tex. B.J. 569).[3] The *Clark* decision arose in the context of a mandamus proceeding. After the trial court denied Clark's motion to reduce his bail, Clark filed a notice of appeal, which the trial court "denied." *Id.* at 556. Clark then sought mandamus relief. Because the appellate court concluded that Clark could appeal the trial court's ruling on his bail request, it conditionally granted the writ and directed the trial court to "vacate by written order his denial of [the] notice of appeal." *Id.* at 557.

In *McKown v. State*, the appellant attempted to appeal from a trial court's pre-trial denial of her motion to suppress evidence. *McKown v. State*, 915 S.W.2d 160, 160–61 (Tex.App.—Fort Worth 1996, no pet.). Relying on *Apolinar*, the Fort Worth court observed that the courts of appeals have jurisdiction over interlocutory criminal appeals only in limited circumstances. *Id.* at 161 (citing *Apolinar*, 820 S.W.2d at 794). The court identified three "narrow exceptions" under which appellate courts do have jurisdiction over such appeals. *Id.* One of the exceptions identified is that "defendants can appeal the denial of a motion to reduce bond." *Id.* (citing TEX.R.APP. P. 44(a), 49 Tex. B.J. 569). The court found that McKown's interlocutory appeal did not fit within any of the exceptions listed and dismissed her appeal for want of jurisdiction. *Id.*

The Dallas court similarly has observed that the "denial of a motion to reduce bond" falls within the "[n]arrow exceptions" to the general rule that interlocutory orders are not appealable in criminal cases. *Wright v. State*, 969 S.W.2d 588, 589 (Tex.App.—Dallas 1998, no pet.) (citing *Clark*, 827 S.W.2d at 557; TEX.R.APP. P. 31.1). Wright attempted to appeal from the trial court's pre-trial order granting the State's motion to revoke his appearance bond for failure to comply with the conditions of the bond. *Id.* The court concluded that a bond revocation order is not the same as an order denying a motion to reduce bail and thus does not fit within the "narrow exceptions" to the general ban on interlocutory appeals in criminal cases. *Id.* at 589–90. Accordingly, the court dismissed the case for want of jurisdiction. *Id.* at 590 (citing *Ex parte Shumake*, 953 S.W.2d 842, 846–47 (Tex.App.—Austin 1997, no pet.)).

---

be bailable by sufficient sureties, unless for capital offenses, when the proof is evident." TEX. CONST. art. I, § 11. Unlike section 11a, section 11 contains no provision for an appeal. *See id.*

**3.** The court also cited *Ex parte Reese* as support for its decision. 666 S.W.2d 675, 677 n.

2 (Tex.App.—Fort Worth 1984, pet. ref'd). However, *Reese* does not support *Clark* because *Reese* is a case involving a trial court's *post-conviction* decision to increase bail pending appeal. *Id.* at 676–77; TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Supp.1999).

In *Shumake*, the defendant sought to appeal from a pre-trial order granting the State's motion to increase his bail. *Ex parte Shumake*, 953 S.W.2d at 843. After reviewing footnote 3 of *Primrose* in which the Court of Criminal Appeals had written that the appellate rules contemplate appeals in·bail proceedings, the Austin court observed that the *Primrose* decision failed to account for the legislative prohibition against the Court of Criminal Appeals promulgating appellate rules which "abridge, enlarge, or modify the substantive rights of a litigant." *Id.* at 845–46 (citing TEX. GOV'T CODE ANN. § 22.108(a); *Lyon v. State*, 872 S.W.2d 732, 735–36 (Tex.Crim. App.1994)).[4] The court determined that footnote 3 of *Primrose* violates this prohibition and concluded, "We hold that the dictum in *Primrose* is not controlling and decline to read its footnote 3 broadly to provide for a direct appeal in all bail proceedings." *Id.* at 846. The court also distinguished *Clark* and the "narrow" bond-reduction exception recognized in *McKown* because of their "misplaced" reliance on *Primrose*. *Id.*

### ENLARGING AN APPELLANT'S SUBSTANTIVE RIGHTS

 "The right to appeal a criminal *conviction* is a substantive right solely within the province of the Legislature." *Lyon*, 872 S.W.2d at 734 (emphasis added); *see also* TEX.CODE CRIM. PROC. ANN. art. 44.02. The Legislature has expressly prohibited the Court of Criminal Appeals from promulgating rules which "abridge, enlarge, or modify the ˙substantive rights of a litigant." TEX. GOV'T CODE ANN. § 22.108(a). However, this prohibition does not forbid the Court from adopting rules which govern the procedures for enjoying the substantive right of appeal. *See, e.g., Awadelkariem v. State*, 974 S.W.2d 721, 726 (Tex.Crim.App.1998) ("finality of an order granting a new trial is a

purely procedural question" and the "Court has free reign to create or revise a rule relating to that subject"); *Lemmons v. State*, 818 S.W.2d 58, 62 ,& 63 n. 6 (Tex.Crim.App.1991) (former appellate rules 40(b)(1) and 41(b)(1) operate to define *"how"* and *"when"* "an appeal is perfected rather than to bestow any right of appeal").

Until 1925, the statutes governing criminal appeals expressly provided, "A defendant in any criminal action, *upon conviction*, has the right of appeal under the rules hereinafter prescribed." *See, e.g.,* Act approved Mar. 31, 1911, 32d Leg., R.S., § 2, art. 894, *in* REVISED CRIMINAL STATUTES: TEXAS 1911, § 2, at 258 (Austin Printing Co.1911) (emphasis added); *see also Bostick v. State*, 81 Tex.Crim. 402, 403, 195 S.W. 863, 863 (1917). Under pre–1925 law, the Court of Criminal Appeals dismissed appeals for want of jurisdiction absent a "final judgment." *Bostick*, 81 Tex.Crim. at 403, 195 S.W. at 863.

When the Legislature adopted the 1925 Code of Criminal Procedure however, it deleted the "upon conviction" language of the criminal appeal statute. *See* Act of Feb. 4, ·1925, 39th Leg., R.S., § 2, art. 813, *in* REVISED CRIMINAL STATUTES: TEXAS 1925, § 2, at 129 (Baldwin & Sons 1925). Notwithstanding the change in the statute, the Court of Criminal Appeals continued to require a final judgment of conviction to invoke the Court's appellate jurisdiction. *See, e.g., Trapp v. State*, 145 Tex.Crim. 235, 236, 167 S.W.2d 525, 525 (1942).

Like article 813 of the 1925 code, article 44.02 of the current code does not have the "upon conviction" language found in earlier codes. *See* TEX.CODE CRIM. PROC. ANN. art. 44.02. Nevertheless, the Court of Criminal Appeals has. continued to construe this statute to allow an appeal only "from a 'final judgment,' though the statute does

---

4. Presiding Judge Onion (retired) authored the opinion of the court. *Ex parte Shumake*, 953 S.W.2d 842, 842–43 (Tex.App.—Austin 1997, no pet.). Judge Onion also declined to join in footnote 3 of *Primrose* which the Austin court questioned in *Shumake*. *See Primrose*, 725 S.W.2d at 256 (Onion, P.J., concurring).

not contain this limitation on its face." *State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex.Crim.App.1990); *accord Hilburn v. State*, 946 S.W.2d 885, 886 (Tex.App.— Fort Worth 1997, no pet.) (per curiam).

## ANALYSIS

This Court does not have jurisdiction over interlocutory appeals in criminal cases unless our jurisdiction is "expressly granted by law." *Apolinar*, 820 S.W.2d at 794; *accord Wright*, 969 S.W.2d at 589; *Shumake*, 953 S.W.2d at 844; *McKown*, 915 S.W.2d at 161. Although the Court in *Apolinar* employed the broad term "law" as the granting mechanism for our jurisdiction, we note that the Court examined the statutes to determine whether any "law" granted appellate courts jurisdiction "over a special plea [of double jeopardy] before a final judgment has been entered." *Apolinar*, 820 S.W.2d at 794. The Court found no such statutory provision and held that appellate courts do not have jurisdiction over such cases until after a final judgment of conviction. *Id.*

The Court of Criminal Appeals has suggested that article I, sections 5 and 6 of the Texas Constitution confers jurisdiction on the appellate courts over appeals from pre-trial bail determinations. *Primrose*, 725 S.W.2d at 255–56. The First Court of Appeals is the only court which has expressly followed *Primrose*. *See Clark*, 827 S.W.2d at 557. The Fort Worth and Dallas courts have agreed somewhat, recognizing a "narrow" exception allowing interlocutory appeals in cases where the trial court has denied a motion to reduce bail. *Wright*, 969 S.W.2d at 589; *McKown*, 915 S.W.2d at 161. However, the *Primrose* Court did not address the long-standing rule which it later re-affirmed that appellate courts do not have jurisdiction over interlocutory criminal appeals unless expressly provided by statute. *See Apolinar*, 820 S.W.2d at 794; *Ex parte Wright*,

40 Tex.Crim. 135, 136–37, 49 S.W. 104, 104 (1899).

The Austin court has concluded that footnote 3 in *Primrose* is merely "dictum" which improperly enlarges the substantive right of appeal granted criminal defendants by the Legislature. *Shumake*, 953 S.W.2d at 846. At least one commentator has likewise criticized *Primrose* and concluded that interlocutory appeals of pre-trial bail determinations should be accomplished only by habeas corpus.[5] 40 GEORGE E. DIX ET AL., TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 16.54 & n. 2 (1995). We also note that the Court of Criminal Appeals had held on several occasions before *Primrose* that appellate courts did not have jurisdiction to hear direct appeals of pre-trial bail rulings. *See Ex parte Bice*, 105 Tex.Crim. 484, 485, 289 S.W. 43, 43 (1926); *Ex parte Wright*, 40 Tex.Crim. at 136–37, 49 S.W. at 104.; *but cf. Merwin v. State*, 171 Tex.Crim. 279, 280, 347 S.W.2d 722, 723 (1961) (affirming trial court's pre-trial refusal to reduce bail in direct appeal).

## CONCLUSION

■ This Court does not have jurisdiction over this interlocutory appeal unless a statute expressly grants such authority. *Apolinar*, 820 S.W.2d at 794; *Wright*, 969 S.W.2d at 589; *Shumake*, 953 S.W.2d at 844; *McKown*, 915 S.W.2d at 161. No statute vests this Court with jurisdiction over direct appeals of pre-trial bail rulings. Accordingly, we dismiss this appeal for want of jurisdiction.

---

5. The only exception to this rule being the direct appeal to the Court of Criminal Appeals expressly provided for by article I, section 11a

of the Texas Constitution. *See* note 2, *supra; Kelley v. State*, 785 S.W.2d 157, 157 (Tex. Crim.App.1990) (per curiam).