Tracy Murrow v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-144-CR

     TRACY MURROW,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F33476
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Tracy Murrow pleaded guilty to possessing less than one gram of amphetamine. Pursuant to
a plea agreement, the court sentenced him to two years’ confinement in a state jail and a $750 fine,
suspended imposition of sentence, and placed him on community supervision for five years. The
State filed a revocation motion about four months later. After a hearing, the court amended the
conditions of Murrow’s community supervision, primarily by requiring him to serve a period of
confinement in a state jail of no less than 120 days and no more than 180 days. Murrow appealed.
      Article V, section 6 of the Texas Constitution invests this Court with jurisdiction over “all
cases of which the District Courts or County Courts have original or appellate jurisdiction, under
such restrictions and regulations as may be prescribed by law.” Tex. Const. art. V, § 6. Article
44.02 of the Code of Criminal Procedure provides in pertinent part, “A defendant in any criminal
action has the right of appeal.” Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Texas
courts have consistently construed article 44.02 to allow an appeal only “from a ‘final judgment
[of conviction],’ though the statute does not contain this limitation on its face.” Benford v. State,
994 S.W.2d 404, 408-09 (Tex. App.—Waco 1999, no pet.) (quoting State v. Sellers, 790 S.W.2d
316, 321 n.4 (Tex. Crim. App. 1990)).
      This Court has jurisdiction over other types of criminal appeals only when “expressly granted
by law.” Benford, 994 S.W.2d at 409 (quoting Apolinar v. State, 820 S.W.2d 792, 794 (Tex.
Crim. App. 1991)). No statute vests this Court with jurisdiction over an appeal from an order
modifying the conditions of community supervision. See Basaldua v. State, 558 S.W.2d 2, 5
(Tex. Crim. App. 1977); Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d); Perez v. State, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet.
ref’d). Accordingly, we dismiss this appeal for want of jurisdiction. 
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]