In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00016-CR


______________________________




BOBBY LYNN JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 16601




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Bobby Lynn Jackson pled guilty to felony driving while intoxicated, with one prior felony
conviction. Pursuant to a negotiated plea agreement, the trial court sentenced him to fifteen years'
imprisonment. Jackson filed a motion for judgment nunc pro tunc in December 2002 contending
he had not received proper credit for the jail time served before his conviction. The trial court denied
this motion, and Jackson appeals. 

 Article V, Section 6 of the Texas Constitution invests this Court with jurisdiction over "all
cases of which the District Courts or County Courts have original or appellate jurisdiction, under
such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6. Tex. Code
Crim. Proc. Ann. art. 44.02 (Vernon 1979) provides in pertinent part, "A defendant in any criminal
action has the right of appeal . . . ." Texas courts have consistently construed Article 44.02 to allow
an appeal only "from a 'final judgment [or conviction],' though the statute does not contain this
limitation on its face." Benford v. State, 994 S.W.2d 404, 408-09 (Tex. App.-Waco 1999, no pet.)
(quoting State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990)). 

 We have jurisdiction over other types of criminal appeals only when "expressly granted by
law." Benford, 994 S.W.2d at 409 (quoting Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim.
App. 1991)). No statute vests this Court with jurisdiction over an appeal from an order denying a
request for judgment nunc pro tunc. See State v. Ross, 953 S.W.2d 748, 751-52 (Tex. Crim. App.
1997). 

 Accordingly, we dismiss this appeal for want of jurisdiction. 




 Jack Carter

 Justice


Date Submitted: March 17, 2003

Date Decided: March 18, 2003


Do Not Publish



"font-family: Times New Roman">Date Submitted: August 26, 2003

Date Decided: August 27, 2003


Do Not Publish