NUMBER 13-03-220-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

____________________________________________________________________


MARK ANDREW SANCHEZ , Appellant,



v.




THE STATE OF TEXAS , Appellee.

____________________________________________________________________


On appeal from the 105th District Court

of Nueces County, Texas.

____________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Yañez, and Garza

Opinion Per Curiam



 Appellant, Mark Andrew Sanchez, pleaded guilty to the third degree felony offense of driving while intoxicated. Pursuant
to a plea agreement, the trial court sentenced him to ten years confinement and fined him $500. In November of 2001, the
court revoked appellant's community supervision and sentenced him to seven years confinement. Appellant filed motions
for judgment nunc pro tunc in February and March of 2003 complaining that he had not received proper credit for the jail
time he served before imposition of sentence. The trial court denied these motions in two separate orders. This appeal
ensued. 

 The right to appeal in a criminal case is a substantive right determined solely within the province of the Legislature. Lyon
v. State, 872 S.W.2d 732, 734 (Tex. Crim. App. 1994). "A defendant in any criminal action has the right of appeal under
the rules hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Generally, a criminal defendant
may only appeal from a final judgment. See State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). This Court
has jurisdiction over criminal appeals only when expressly granted by law. Benford v. State, 994 S.W.2d 404, 408-09 (Tex.
App.-Waco 1999, no pet.) (quoting Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). 

 We do not have jurisdiction over an appeal from an order denying a request for judgment nunc pro tunc to correct jail time
credit. Ray v. State, No. 01-03-089-CR, 2003 Tex. App. LEXIS 3154, *1-*2 (Houston [1st Dist.] Apr. 10, 2003) (per
curiam);Everett v. State, 82 S.W.3d 735, 735 (Tex. App.-Waco 2002, pet. ref'd); see State v. Ross, 953 S.W.2d 748, 751-52
(Tex. Crim. App. 1997). We express no opinion herein regarding the availability of habeas corpus relief. See, e.g., Ex
parte Coker, 2003 Tex. Crim. App. LEXIS 149, *1 (July 2, 2003) (per curiam). 



 We dismiss this appeal for want of jurisdiction.

PER CURIAM

Publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this

the 31st day of July, 2003 .