IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00347-CV

 

In the
Interest of Z.A.T., K.M.T. & K.O.T., Children

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 99-2937-4

 



DISSENTING Opinion










 

          The majority reverses this case on a
faulty theory:  that the trial court did not allow Richard’s children to
testify at the modification hearing.  That is not what happened.  

          Richard filed a motion to try to
compel Valerie to bring the children to the hearing.  There is no mistaking
what Richard wanted the trial court to do; as is evident from his prayer for
relief:

…Petitioner prays this Court will grant this
motion and order Respondent to bring the children to the trial on this cause.

 

          The trial court never denied Richard
the opportunity to present his children as witnesses.  The court simply denied
Richard’s request to make Valerie bring the children to the hearing.  The way
to compel the presence of a witness at a proceeding is with a subpoena.  See
Tex. R. Civ. P. 176.6.  Richard
did not subpoena his children as witnesses.  And it is evident from the record
that Richard knew how to subpoena witnesses.  If Richard had subpoenaed the
children, and if the trial court had then not allowed them to testify, and if
Richard had made an offer of proof, maybe the majority’s result would be
appropriate.  But under the situation in this case where none of that happened,
the analysis and the result are inappropriate.  

          The majority’s reason for reversing
this case is wrong.  The trial court and the children should not be punished
because Richard chose not to compel the children’s presence at the hearing in
the proper manner.  We need to empower the trial court to protect children
against abuses of the system.  What the majority does here is not the way to do
it.

          I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

Dissenting opinion issued and filed November 16,
2005






n any criminal
action has the right of appeal.” Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Texas
courts have consistently construed article 44.02 to allow an appeal only “from a ‘final judgment
[of conviction],’ though the statute does not contain this limitation on its face.” Benford v. State,
994 S.W.2d 404, 408-09 (Tex. App.—Waco 1999, no pet.) (quoting State v. Sellers, 790 S.W.2d
316, 321 n.4 (Tex. Crim. App. 1990)).
      This Court has jurisdiction over other types of criminal appeals only when “expressly granted
by law.” Benford, 994 S.W.2d at 409 (quoting Apolinar v. State, 820 S.W.2d 792, 794 (Tex.
Crim. App. 1991)). No statute vests this Court with jurisdiction over an appeal from an order
modifying the conditions of community supervision. See Basaldua v. State, 558 S.W.2d 2, 5
(Tex. Crim. App. 1977); Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d); Perez v. State, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet.
ref’d). Accordingly, we dismiss this appeal for want of jurisdiction. 
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]