NO. 07-07-0056-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2007

______________________________

ELIZABETH GUTIERREZ, APPELLANT

V.

ZURICH AMERICAN INSURANCE COMPANY AS SUBROGEE OF

HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, APPELLEES

_________________________________

FROM THE 274
TH
 DISTRICT COURT OF HAYS COUNTY;

NO. 03-1179-A; HONORABLE BILL HENRY, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Elizabeth Gutierrez attempts to appeal after the trial court issued an order granting summary judgment against her.   However, the trial court’s order does not dispose of all issues before the court.  Since the judgment is not final, this court does not have subject matter jurisdiction.  We dismiss for want of jurisdiction.

Background 

On August 20, 2003, Zurich filed an action against Gutierrez and Miguel Gomez seeking damages arising from a car accident.  Additionally, in its original petition, Zurich requested pre- and post-judgment interests, court costs, and attorney fees.  On July 12, 2006, Zurich filed a Motion to Sever requesting the trial court sever the judgment against Gomez into a separate proceeding since all causes of action asserted against Gomez had been disposed.  On the same date, Zurich also moved for summary judgment against Gutierrez.  On August 8, the trial court granted Zurich’s Motion to Sever and signed a prepared severance order; however, the trial court exchanged Gutierrez’s name for Gomez’s name through most of the prepared order, but not all instances.  The resulting order created a new cause number, 03-1179A and stated that “all causes of action pled by Plaintiff against Defendant Gomez be severed into a new cause of action with the following cause number and style: Cause No. 03-1179A; Zurich American Insurance Company . . . v. Elizabeth Gutierrez . . . .”    Additionally, the trial court granted Zurich’s motion on summary judgment against Gutierrez and signed an order awarding Zurich damages as well as pre- and post-judgment interest.  However, the order did not mention court costs or attorney fees.  Gutierrez then filed a motion for new trial on September 7, and notice of appeal on December 13.  

Law and Analysis

Subject matter jurisdiction is essential to the authority of a court to decide a case.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443 (Tex.1993).   Subject matter jurisdiction is never presumed and cannot be waived.  
Id
. at 443-44.  Subject matter jurisdiction may be raised for the first time on appeal.  
Id
. at 445.  The issue may be raised 
sua sponte
 by a court, and is a legal question subject to 
de novo
 review.  
See
 
Mayhew v. Sunnyvale
, 964 S.W.2d 922, 928 (Tex.1998). 

Only in certain instances authorized by statute may appeal be taken from interlocutory orders.  See 
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992); 
see
, 
e.g.
, 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014 (Vernon Supp. 2006).  An appellate court without statutory authority to review an interlocutory judgment has jurisdiction only to determine its jurisdiction and to dismiss the appeal.  
See
 
Steeple Oil and Gas Corp. v. Amend
, 394 S.W.2d 789, 790 (Tex. 1965).

To be a final judgment from which an appeal may be taken, the judgment must dispose of all parties and all issues in the case.  
See
 
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 205 (Tex. 2001). 
 
 To determine whether an order disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case.  
Id
.  

In reviewing the record, we conclude that the order entered did not dispose of all matters and was not intended to be a final order.  We conclude that the order from which appellant has given notice of appeal is not a final judgment and is not appealable. Therefore, we must and do dismiss the appeal for want of jurisdiction. 

Conclusion

For the foregoing reasons, we dismiss for want of jurisdiction.   

Mackey K. Hancock

Justice

 for issuance of a writ of habeas corpus seeking the relief requested in the amended motion.  

The trial court held a hearing on the motions to reduce bail and amended applications for writs of habeas corpus.  The court informed the parties by letter that the motions to reduce bail and the amended habeas applications were denied.  Written orders denying each of appellant’s motions to reduce bail were signed.  No written orders referencing the amended applications for writs of habeas corpus were entered.  Appellant filed notices of appeal in each of the three cases.  The notices of appeal referenced only the orders denying appellant’s motions to reduce bail.  

By two issues, appellant contends that (1) the bail set by the trial court in the aggregate amount of $325,500 for the three offenses was excessive and unreasonable in violation of 
the Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and 13 of the Texas Constitution; and (2) 
the trial court erred in finding that appellant did not rebut the State’s 
prima facie
 showing of readiness within the 90 day period mandated by 
CCP art.
 17.151, and in failing to reduce appellant’s bail to the amount he could post.

ISSUE 1: EXCESSIVE BAIL

By his first issue, appellant urges that his bail was excessive, in violation of the 
Eighth Amendment to the U.S. Constitution and Article 1, Sections 11 and 13 of the Texas Constitution.  In the Argument and 
Authorities section of his brief he also references CCP articles 1.09 and 17.151.  None of these bases were urged by his motions to reduce bail or amended habeas applications in the trial court.  His trial court motions and amended habeas applications were based on CCP art. 17.151.  

Appellant has not preserved error for appellate review as urged in his first issue because his complaint on appeal does not correlate to the matters he urged at trial.  
See
 
Tex. R. App. P
. 33.1(a);
(footnote: 2) 
Dixon v. State
, 2 S.W.3d 263, 265 (Tex.Crim.App.1998)
; 
Thomas v. State
, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986).
(footnote: 3)   We overrule appellant’s first issue. 

ISSUE 2: REFUSAL TO REDUCE BAIL PURSUANT

TO CCP ART. 17.151

Via his second issue, appellant urges that the State was not ready for trial in compliance with the time dictate of CCP art. 17.151, which provides that a defendant who is accused of a felony and who is detained in jail pending trial must be released either on personal bond or by reducing the amount of bail required if the State is not ready for trial within 90 days from the commencement of the defendant’s detention. 
 Appellant urges that under 
Rowe v. State
, 853 S.W.2d 581 (Tex.Crim.App. 1993), he was entitled to have bail set at an amount the evidence showed he could make.  
On this direct appeal he prays that we set aside the trial court’s interlocutory pretrial orders and enter an order that bail be set in the aggregate at $30,000. 

We first must consider whether we have jurisdiction.  
See
 
State v. Roberts
, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996).  Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, 
id
., coupled with personal jurisdiction over the parties.  
See
 
Flowers v. State
, 935 S.W.2d 131, 134 n.4 (Tex.Crim.App. 1996); 
Fairfield v. State
, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). 
 
Courts address the question of jurisdiction 
sua sponte
,
 because unless a court has jurisdiction over a matter, its actions in the matter are without validity.  
See
 
Roberts
, 940 S.W.2d 
at 657 n.2. 

The right to appeal is conferred by the legislature, and generally a party may appeal only that which the legislature has authorized.  
See
 
Marin v. State
, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993); 
Olowosuko v. State
, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992).  
Absent express authority, courts of appeals do not have jurisdiction to review interlocutory orders, 
see
 
Ex parte Apolinar v. State
, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991), although some narrow exceptions to such rule may exist.  
See
 
Wright v. State
, 969 S.W.2d 588, 589 (Tex.App.–Dallas 1998, no pet.)
.

The courts of appeals have split over whether appellate jurisdiction exists in regard to direct appeals from pretrial bail rulings such as the one before us. 
Compare
 
Ramos v. State
, 89 S.W.3d 122, 124-26 (Tex.App.–Corpus Christi 2002, no pet.) (TRAP 31.1 contemplates appeals of orders in bail proceedings) with 
Benford v. State
, 994 S.W.2d 404, 409 (Tex.App.–Waco 1999, no pet.) (appellate jurisdiction does not exist over appeal from interlocutory pretrial order increasing amount of bail because no statutory grant of jurisdiction) and 
Ex parte Shumake
, 953 S.W.2d 842, 846-47 (Tex.App.–Austin 1997, no pet.)
. 
 
See
 
also
 
Wright
, 969 S.W.2d at 589-90 
(“This appeal does not fall within one of the exceptions to the rule, nor are we inclined to construe rule 31.1 of the rules of appellate procedure to encompass a direct appeal of a pretrial order revoking bond.”).  
  

We lack a statutory grant of jurisdiction over this appeal.  
See
 
Benford
, 994 S.W.2d at 409.  And, although TRAP 31 addresses, in part, appeals from bail proceedings, we note that 
the Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, 
see
 
Olivo v. State
, 918 S.W.2d 519, 523  (Tex.Crim.App. 1996), and 
cannot create jurisdiction where none exists.  
See
 
State v. Riewe
, 13 S.W.3d 408, 413 (Tex.Crim.App. 2000). 

We concur with the conclusions reached by the 
Benford
 and 
Shumake
 courts.  We lack jurisdiction over 
this direct appeal from interlocutory pretrial orders refusing to lower bail pursuant to CCP 17.151.  Appellant’s second issue is dismissed for want of jurisdiction.

CONCLUSION

We affirm. 

Phil Johnson

Chief Justice

Publish.

FOOTNOTES
2:
3: