IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00181-CR

 

Larry Donnell Hedge,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 07-03013-CRF-85

 



MEMORANDUM  Opinion



 








            Larry Donnell Hedge seeks to appeal
from an interlocutory order granting the State’s motion to increase his
pretrial bail under Rule of Appellate Procedure 31.  However, this Court has
determined that, even though Rule 31 establishes the procedures to be followed
in an appeal from an order “in a bail proceeding,” Rule 31 is not a
jurisdictional statute, and “[n]o statute vests this Court with jurisdiction
over direct appeals of pre-trial bail rulings.”  Benford v. State, 994
S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.); accord Vargas v. State,
109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.); Ex parte Shumake,
953 S.W.2d 842, 844-47 (Tex. App.—Austin 1997, no pet.); see also State v.
Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000) (“our caselaw prevents a
court of appeals from using an appellate rule to create jurisdiction where none
exists”).  A number of our sister courts disagree, holding that a defendant may
appeal from such an order.  See, e.g., Ramos v. State, 89 S.W.3d 122,
125-26 (Tex. App.—Corpus Christi 2002, no pet.); Wright v. State, 969
S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); McKown v. State, 915
S.W.2d 160, 160-61 (Tex. App.—Fort Worth 1996, no pet.); Clark v. Barr,
827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

            We continue to adhere to our holding
in Benford that no statute vests this Court with jurisdiction over an
appeal from an interlocutory order granting a motion to increase (or
denying a motion to reduce) bail.  Cf. Richardson v. State, 181 S.W.3d 756,
758 (Tex. App.—Waco 2005, no pet.) (interlocutory appeal is permitted from the
denial of habeas application challenging the amount of pretrial bail). 
Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray not participating)*

Appeal dismissed

Opinion delivered and
filed July 2, 2008

Do not publish

[CR25]

 

*           (“Chief
Justice Gray does not join the dismissal for want of jurisdiction at this
time.  A separate opinion will not issue.  He notes, however, that dismissal
for want of jurisdiction is premature.  Dismissal for want of jurisdiction is
premature because no motion to dismiss has been filed, and the Court has not
given the parties the required ten day notice that, on the Court’s own motion,
we are questioning our jurisdiction and giving the appellant an opportunity to
respond.  See Tex. R. App.
P. 42.3(a).  Further, Chief Justice Gray notes that the record in this appeal
does not contain the required certification of the defendant’s right to
appeal.  Tex. R. App. P.
25.2(d).  “The appeal must be dismissed if a certification that shows the
defendant has the right of appeal has not been made part of the record under
these rules.” Id.  But there is no indication that the lack of the
certification has been called to the trial court’s or trial court clerk’s
attention.  See Tex. R. App.
P. 34.5(c)(1).  On this record dismissal of this appeal is premature.”).






d at 894. Hickman's second point is sustained. The
judgment is reversed, the decree ordering partition and appointment of commissioners is vacated
and the cause is remanded for trial. See Tex. R. Civ. P. 760, 761.
 


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas, Justice Cummings
           and Justice Vance
Reversed and Remanded
Opinion delivered and filed February 21, 1991
Do not publish