

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00289-CR
No. 10-18-00290-CR

**RICHARD B. STEPP,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 17-04264 and 17-04265**

## MEMORANDUM OPINION

Appellant Richard B. Stepp appeals from what he describes as "the judgment rendered by [the trial] court on August 15, 2018" in the underlying causes. In his notice of appeal, Stepp states that he is appealing pursuant to article 44.02 of the Code of Criminal Procedure "on those matters which have been raised by written motion filed prior to trial." *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). However, no final judgment of conviction has been rendered in the underlying causes.

"The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Texas courts have consistently construed article 44.02 to allow an appeal only "from a 'final judgment [of conviction],' though the statute does not contain this limitation on its face." *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd) (mem. op.) (quoting *Benford v. State*, 994 S.W.2d 404, 408-09 (Tex. App.—Waco 1999, no pet.) (quoting *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990))). Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeals dismissed
Opinion delivered and filed September 26, 2018
Do not publish
[CR25]

