# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00019-CR
## NO. 03-23-00020-CR

**John Phillip Bender, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-DC-08-904109, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2009, a jury found John Phillip Bender guilty of theft and misapplication of fiduciary property, and Bender was sentenced to twenty years' imprisonment for each count. *See* Tex. Penal Code §§ 12.32, 31.03, 32.45. This Court affirmed the judgments of conviction. *See Bender v. State*, No. 03-09-00652-CR, 2011 WL 1561994, at *1, *12 (Tex. App.—Austin Apr. 19, 2011, pet. ref'd) (mem. op., not designated for publication). In November 2022, Bender filed a pro se motion for judgments nunc pro tunc. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (explaining that purpose of nunc pro tunc judgment is to allow correction of clerical errors when there is discrepancy between judgment pronounced in court and judgment reflected in record). The trial court denied the motion, and Bender has filed a notice of appeal from the trial court's order.

In order for an appellate court to have jurisdiction over an appeal, the appeal must be authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). For criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App P 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02. An order denying a judgment nunc pro tunc does not result in a new judgment, and no statute vests appellate courts with jurisdiction over an appeal from an order denying a request for a judgment nunc pro tunc. *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd); *see Abbott*, 271 S.W.3d at 697; *see also Gomez v. State*, No. 03-20-00460-CR, 2020 WL 6018570, at *1 (Tex. App.—Austin Oct. 6, 2020, no pet.) (mem. op., not designated for publication) (dismissing appeal of denial of motion for judgment nunc pro tunc); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, order) (explaining that defendant has right to appeal from rulings other than final judgment of conviction "only when 'expressly granted by law'" (quoting *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.))).

Accordingly, we dismiss these appeals for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: February 10, 2023

Do Not Publish

2