# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00403-CR

**Garland Scroggins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-01-302305, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2001, a jury found Garland Scroggins guilty of aggravated assault with the use of a deadly weapon, and Scroggins was sentenced to life imprisonment. *See* Tex. Pen. Code § 22.02(a)(2). This Court affirmed that conviction. *See Scroggins v. State*, No. 03-02-00053-CR, 2002 WL 31717944 (Tex. App.—Austin Dec. 5, 2002, pet. ref'd) (not designated for publication). On December 7, 2022, Scroggins filed a pro se motion to set aside the indictment and judgment due to "inaccurate information contained in its documented penal code (22.02.2a) statute." The trial court denied that motion on February 24, 2023. Scroggins then moved for "objection/re-hearing from the denial of his motion," which was also denied by the trial court. Scroggins now files a notice of appeal from the trial court's orders denying those motions.

In order for an appellate court to have jurisdiction over an appeal, the appeal must be authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). For

criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App P 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02. Scroggins has failed to demonstrate any statute vesting this court with jurisdiction over an appeal from such orders. *See McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, order) (explaining that defendant has right to appeal from rulings other than final judgment of conviction "only when 'expressly granted by law'" (quoting *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.))).[1]

Insofar as his motions could be construed as a post-conviction application for writ of habeas corpus, Article 11.07 provides the exclusive remedy for post-conviction relief from a felony conviction in which the applicant seeks relief from a judgment imposing a penalty other than death. *See* Tex. Code Crim. App. art. 11.07. That article vests complete jurisdiction over such relief with the Texas Court of Criminal Appeals, and accordingly, we have no jurisdiction over such matters. *See, e.g., Ex parte Griffin*, No. 03-23-00093-CR, 2023 WL 2617798, at *1 (Tex. App.—Austin Mar. 24, 2023, no pet.) (mem. op., not designated for publication); *In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07.").

We therefore dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

---

[1] Scroggins also makes passing reference in his filings to a nunc pro tunc motion filed in, and denied by, the district court. However, "[a]n order denying a judgment nunc pro tunc does not result in a new judgment, and no statute vests appellate courts with jurisdiction over an appeal from an order denying a request for a judgment nunc pro tunc." *Bender v. State*, No. 03-23-00019-CR, 2023 WL 1927746, at *1 (Tex. App.—Austin Feb. 10, 2023, pet. ref'd) (mem. op., not designated for publication).

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed:   October 31, 2023

Do Not Publish