# NO. 12-17-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY GIBSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On December 7, 2017, Tracy Gibson, acting pro se, filed a notice of appeal challenging a nunc pro tunc judgment signed by the trial court in 2007.

On December 7, this Court notified Appellant that his notice of appeal failed to show the jurisdiction of this Court, i.e., the order being appealed is not a new or recent appealable order. *See* TEX. R. APP. P. 26.2(a)(1), 51.2. We further notified Appellant that the appeal would be dismissed unless the information was amended on or before January 8, 2018 to show the jurisdiction of this Court. On December 18, Appellant responded that (1) he had already begun serving his sentence when the nunc pro tunc judgment was signed; (2) the Texas Department of Criminal Justice's records division did not receive a copy of the nunc pro tunc judgment until sometime in 2012; (3) the proceeding that resulted in the nunc pro tunc judgment was conducted outside Appellant's presence and without representation, and the trial court deliberately denied him notice of the judgment; and (4) this Court has jurisdiction over the appeal under Texas Rule of Appellate Procedure 44.4(b).

Rule 44.4 states as follows:

(a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

> (2) the trial court can correct its action or failure to act.
> (b) Court of Appeals Direction if Error Remediable. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4. However, the rules of appellate procedure required Appellant to file his notice of appeal within thirty days after sentence is imposed or within ninety days after that date if a motion for new trial is filed. *See* TEX. R. APP. P. 26.2(a). Appellant did not file a notice of appeal until December 2017, long after the 2007 nunc pro tunc judgment. *See **id.***

Nothing in the plain language of Rule 44.4 confers this Court with jurisdiction over an untimely appeal. *See* TEX. R. APP. P. 44.4; *see also **Abbott v. State***, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) ("[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law[]"); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, no pet.) (an appellate court has jurisdiction over a criminal appeal only from a final judgment of conviction or where expressly granted by law). Because this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure, we ***dismiss*** the appeal for ***want of jurisdiction***. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also **Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); TEX. R. APP. P. 43.2(f).

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-17-00385-CR**

**TRACY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F14962-2007)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*