William A. McINTOSH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–01–409–CR to 10–01–418–CR.

Court of Appeals of Texas, Waco.

Dec. 11, 2002.

**52**

Joseph Ross Gallo, Waxahachie, for appellant.

Joe F. Grubbs, County and District Attorney for Ellis County, Cynthia W. Hellstern, Asst. County and District Attorney for Ellis County, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

William McIntosh pleaded guilty to four separate charges of aggravated sexual assault and six separate charges of indecency with a child. Pursuant to a plea agreement, the court sentenced McIntosh to thirty-five years' imprisonment for each aggravated sexual assault conviction and twenty years' imprisonment for each indecency conviction, all to run concurrently.

McIntosh filed motions for postconviction DNA testing and for appointment of counsel under article 64.01 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2002). The court found that identity was not an issue at trial because McIntosh pleaded guilty and that no biological evidence exists which could be tested. Accordingly, the court denied the motion for appointment of counsel. McIntosh appealed.

■ McIntosh claims in a single issue that the court erred by denying his request for appointment of counsel. The State responds that we do not have juris-diction over an appeal from an order denying a request for appointment of counsel under article 64.01. We agree.

Under Article V, section 6 of the Texas Constitution, this Court has jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Article 44.02 of the Code of Criminal Procedure provides in pertinent part, "A defendant in any criminal action has the right of appeal." TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). Texas courts have consistently construed article 44.02 to allow an appeal only "from a 'final judgment [of conviction],' though the statute does not contain this limitation on its face." *Everett v. State,* 82 S.W.3d 735, 735 (Tex.App.-Waco 2002, pet. dism'd) (quoting *Benford v. State,* 994 S.W.2d 404, 408–09 (Tex.App.-Waco 1999, no pet.) (quoting *State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex.Crim. App.1990))).

■ This Court has jurisdiction over other types of criminal appeals only when "expressly granted by law." *Id.* (quoting *Benford,* 994 S.W.2d at 409 (quoting *Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim.App.1991))). The pertinent appeal statute in McIntosh's case is article 64.05, which provides:

> An appeal of a finding under Article 64.03 or 64.04 is to a court of appeals, except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the court of criminal appeals.

TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2002).

McIntosh's request for counsel arises under article 64.01, not article 64.03 or 64.04. *Id.* 64.01(c). Article 64.03 governs a court's decision to grant or deny a re-

quest for DNA testing. *Id.* 64.03 (Vernon Supp.2002). Article 64.04 governs a court's review of the results of DNA testing and its determination of "whether the results are favorable to the convicted person." *Id.* 64.04 (Vernon Supp.2002). The trial court has not ruled on McIntosh's request for DNA testing. Thus, it has not made a finding under article 64.03 which can be appealed.

Nevertheless, a premature notice of appeal may be given effect under Rule of Appellate Procedure 27.1(b). TEX.R.APP. P. 27.1(b). According to Rule 27.1(b), a premature notice of appeal takes effect in a criminal case "on the same day, but after, . . . the appealable order is signed by the trial court." *Id.* We are willing to wait a reasonable time for the trial court to sign an order adjudicating the merits of McIntosh's motion for DNA testing. *See Cravin v. State,* 2002 WL 31682397, at *1, 2002 Tex.App. LEXIS 8494, at *3, 95 S.W.3d 506, 509 (Tex.App.-Houston [1st Dist.] Nov. 27, 2002, no pet. h.) (written order required for post-conviction DNA appeal). But, if a supplemental record containing such an order is not filed with the Clerk of this Court on or before 5:00 p.m. on December 27, 2002, we will dismiss this appeal for want of jurisdiction.[1] *See Cook v. Lernout & Hauspie Med. Servs. Div.,* 68 S.W.3d 285, 286 (Tex.App.-Waco, order), *disp. on merits,* 76 S.W.3d 203 (Tex.App.-Waco 2002, no pet.).

Justice GRAY dissenting.

TOM GRAY, Justice dissenting.

The majority is both right and wrong. Because the wrong is greater than the right, I respectfully dissent.

---

1. McIntosh would not necessarily be without a remedy if the trial court fails to sign such an order. *See In re Rodriguez,* 77 S.W.3d 459 (Tex.App.-Corpus Christi 2002, orig. proceed-

The majority has determined that we have no jurisdiction of this appeal. That determination is correct. "Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist." *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App.1964). When a court has no power to act, it "lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State,* 918 S.W.2d 519, 524 (Tex.Crim.App.1996). Thus, having determined we have no jurisdiction, the only thing we can properly do is dismiss this appeal for want of jurisdiction.

Because the majority publishes a meaningless "order" rather than dismissing this appeal for want of jurisdiction, I respectfully dissent.

ing) (mandamus proceeding reviewing trial court's refusal to appoint counsel in chapter 64 DNA proceeding).