William A. McIntosh v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-409-CR
No. 10-01-410-CR
No. 10-01-411-CR
No. 10-01-412-CR
No. 10-01-413-CR
No. 10-01-414-CR
No. 10-01-415-CR
No. 10-01-416-CR
No. 10-01-417-CR
No. 10-01-418-CR

Â Â Â Â Â WILLIAM A. McINTOSH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR
20379CR, 20380CR, 20381CR, 20382CR, 20383CR and 20384CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â William A. McIntosh appeals from the trial courtâs denial of his motions for appointment of
trial counsel in a series of DNA proceedings under chapter 64 of the Code of Criminal Procedure. 
We notified McIntosh in a published order dated December 11, 2002 that these are not appealable
orders and that these appeals would be dismissed for want of jurisdiction if supplemental clerkâs
records containing orders adjudicating the merits of his motions for DNA testing were ânot filed
with the Clerk of this Court on or before 5:00 p.m. on December 27, 2002.â McIntosh v. State,
No. 01-409-CR, slip op. at 3-4, 2002 Tex. App. LEXIS 8879, at *4 (Tex. App.âWaco Dec. 11,
2002, order).
Â Â Â Â Â Â We have not received a supplemental record containing an order on the merits in any of these
appeals. Accordingly, we dismiss these appeals for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 5, 2003
Do not publish
[CR25]



rs,
administrators, successors or assigns, an undivided one-half (½) interest of
the oil, gas and other minerals produced with the oil and gas now owned
by Charlsie Northcutt Morrison that are in and under the property and that may
be produced from it[.]

Â 

Under the RobinsonsÂ
interpretation, the express wording of the reservation operated to reserve unto
Morrison an undivided one-quarter interest in the mineral estate.Â  The reservation,
as quoted above, states that Morrison reserved an undivided one-half of the
minerals produced with the oil and gas now owned by her.Â  The words Ânow ownedÂ
are underlined in the deed.Â  We find that it is reasonable to read the
reservation with an emphasis on the words Ânow ownedÂ and conclude that
Morrison intended to convey one-half of her mineral interest (i.e.
one-quarter of the total mineral interest).

Â Â Â Â Â  Morrison argues, however, that
her reservation must be harmonized with the Evans Reservation which contains
the following language:

SAVE AND EXCEPT and there is hereby
reserved for Grantor, Barbara Morrison Evans and her heirs, administrators,
successors or assigns, for a period until June 11, 2000, an undivided one-half
(Â½) interest of the oil and gas and other minerals produced with the oil and
gas now owned by Barbara Morrison Evans, that are in and under the
property and that may be produced from it[.]

Â

On June 11, 2000, an undivided one-fourth
(Â¼) interest of the total mineral estate shall pass to and be owned by
Grantees, their heirs and assigns.Â  It is the intent of the Grantor Barbara
Morrison Evans and the Grantee [sic] James E. Robinson and Charles Owen
Robinson, that as of June 11, 2000 that Barbara Morrison Evans, her heirs and
assigns shall own an undivided one-fourth (Â¼) of the oil, gas and other
minerals and James E. Robinson and Charles Owen Robinson and their heirs and
assigns shall own an undivided one-fourth (Â¼) of the total oil, gas and mineral
estate.

Â 

Morrison claims that the
meaning of the Ânow owned byÂ language in her reservation is revealed in the
additional language.Â  She argues that the last sentence of the Evans Reservation
indicates that both reservations intended for the grantors to initially retain their
undivided one-half interests in the minerals.Â  She argues that because the
language in the Evans Reservation makes clear that the parties intended for
Evans to retain her undivided one-half interest in the mineral estate until
June 11, 2000, the only reasonable construction for the language in the
Morrison Reservation is that she would likewise retain her undivided one-half
interest in the mineral estate.

Â Â Â Â Â  Whether an instrument is
ambiguous is a question of law that must be decided by examining it as a whole
in light of the circumstances present when it was executed.Â  See Enter.
Leasing Co. of Houston v. Barrios, 156 S.W.3d 547, 549 (Tex. 2004).Â  We
must examine and consider the entire writing in an effort to harmonize and give
effect to all provisions so that none will be rendered meaningless.Â  See
Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994).Â  No single
provision will control; rather, all provisions must be considered with
reference to the whole instrument.Â  Id.

Finding that the wording of
the Morrison Reservation is substantially identical to the Evans Reservation,
and considering the additional language, we find that both interpretations are
reasonable.Â  Because the deed is reasonably susceptible to more than one
meaning, it is ambiguous.Â  This ambiguity creates a fact issue as to the
partiesÂ intent and, therefore, summary judgment was not proper.

Conclusion

Â Â Â Â Â  Having
sustained MorrisonÂs first issue, we reverse the summary judgment and remand
the cause to the trial court for further proceedings.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Â Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissenting)

Reversed
and remanded

Opinion
delivered and filed August 30, 2006

[CV06]









Â Â Â  [1]Â Â  Barbara
Evans is not a party.