William A. McIntosh v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-409-CR
No. 10-01-410-CR
No. 10-01-411-CR
No. 10-01-412-CR
No. 10-01-413-CR
No. 10-01-414-CR
No. 10-01-415-CR
No. 10-01-416-CR
No. 10-01-417-CR
No. 10-01-418-CR

Â Â Â Â Â WILLIAM A. McINTOSH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR
20379CR, 20380CR, 20381CR, 20382CR, 20383CR and 20384CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â William A. McIntosh appeals from the trial courtâs denial of his motions for appointment of
trial counsel in a series of DNA proceedings under chapter 64 of the Code of Criminal Procedure. 
We notified McIntosh in a published order dated December 11, 2002 that these are not appealable
orders and that these appeals would be dismissed for want of jurisdiction if supplemental clerkâs
records containing orders adjudicating the merits of his motions for DNA testing were ânot filed
with the Clerk of this Court on or before 5:00 p.m. on December 27, 2002.â McIntosh v. State,
No. 01-409-CR, slip op. at 3-4, 2002 Tex. App. LEXIS 8879, at *4 (Tex. App.âWaco Dec. 11,
2002, order).
Â Â Â Â Â Â We have not received a supplemental record containing an order on the merits in any of these
appeals. Accordingly, we dismiss these appeals for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 5, 2003
Do not publish
[CR25]



nts under an abuse-of-discretion standard.  Bowie, 79 S.W.3d at
52; Palacios, 46 S.W.3d at 878.Â  When reviewing matters committed to the
trial court's discretion, we may not substitute our own judgment for the trial
court's judgment.Â  See Flores v. Fourth Ct. of Appeals, 777 S.W.2d 38,
41 (Tex. 1989), modified on other grounds by National Tank Co. v.
Brotherton, 851 S.W.2d 193 (Tex. 1993).

Â Â Â Â Â Â Â Â Â Â Â  The defendants essentially
argue the merits of DurginÂs claim, relying on documents and information
outside of the reports.Â  After reviewing the reports, we agree with Durgin that
the trial court was justified in finding that they discuss the standard of
care, breach, and causation with sufficient specificity to fulfill the two required
purposes: (1) inform the defendants of the specific conduct the plaintiff has
called into question; and (2) provide a basis for the trial court to conclude
that the claims have merit.Â  Bowie, 79 S.W.3d at 52; Palacios, 46
S.W.3d at 879. Â Thus, the trial court did not abuse its discretion in denying the
defendantsÂ motion to dismiss.[1]

Â Â Â Â Â Â Â Â Â Â Â  AppellantsÂ issues are overruled, and
the trial courtÂs order is affirmed.

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed November 5, 2008

[CV06]

Â 

Â 









[1] Our conclusion would be the same if we did a de
novo review of the expert reports, as we suggested may be proper in Wooten
v. Samlowski, ___ S.W.3d ___, ___ n.1, 2008 WL 2133072 at *1 n.1 (Tex.
App.ÂWaco May 21, 2008, pet. filed).