COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-381-CR
 
BLAIR ALAN BLANCHETTE                                                       
   APPELLANT
V.
THE STATE OF TEXAS                                                                  
  STATE
 
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Pursuant to a plea bargain, Appellant
Blair Alan Blanchette pled guilty to sexual assault of a child under seventeen
years of age and was sentenced to eight years' confinement, probated for eight
years. The trial court subsequently revoked Appellant's probation and imposed
the original sentence. Later, the trial court granted Appellant's
post-conviction request for appointed counsel to represent him on the issue of
DNA testing. Several months after the trial court appointed counsel, the State
filed an untimely reply to Appellant's pro se request for appointed counsel. The
trial court then signed an order denying appointed counsel because it found that
identity was not an issue in the case. Thus, the trial court appears to have
taken away Appellant's counsel without his consent. The trial court had no power
to issue this order.(2)
In his sole point on appeal, however, the
order that Appellant complains of is an order denying his post-conviction motion
for forensic DNA testing. There is no such order. No such motion was filed or
ruled upon. Consequently, Appellant does not appeal from a final appealable
order.(3) Based on the unique facts before us, we
dismiss this case for want of jurisdiction.
 
                                                                     
PER CURIAM
 
PANEL F: DAUPHINOT, J; CAYCE, C.J.; and
DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 29, 2003

1. See Tex. R. App. P. 47.4.
2. See Stearnes v. Clinton, 780 S.W.2d
216, 222-23 (Tex. Crim. App. 1989) (orig. proceeding) (holding that power of
trial court to appoint counsel to represent indigent defendants does not carry
with it the concomitant power to remove counsel at court's discretion).
3. See McIntosh v. State, 110 S.W.3d 51, 52 (Tex.
App.--Waco 2002, no pet.).