NO. 07-06-0211-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 28, 2007



______________________________




ERSKINE L.T. ALLEN, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 22580; HON. CECIL G. PURYEAR, PRESIDING



_______________________________


 

Order Dismissing Appeal


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Erskine L.T. Allen, Jr. (appellant) filed a notice of appeal from the trial court's order
denying his request for DNA testing pursuant to article 64 of the Code of Criminal
Procedure. However, our review of the record did not disclose a written order nor was a
hearing held wherein the trial court made an oral pronouncement denying appellant's
request. Our review did find a handwritten notation on appellant's motions purportedly
written by the trial court stating that no action would be taken. Therefore, we abated the
matter back to the trial court to determine whether a final appealable order had been
rendered in this cause. 

 A hearing was held by the trial court pursuant to this court's abatement order. 
Furthermore, the trial court made findings which have been filed with this court in a
supplemental clerk's record. According to the clerk's record, the trial court found that the
handwritten notation was not a final, appealable order and that appellant's motion for DNA
testing is still pending.

 Accordingly, we dismiss the appeal for lack of jurisdiction. See McIntosh v. State,
110 S.W.3d 51, 52-53 (Tex. App.-Waco 2002, no pet.). 

 

 Brian Quinn 

 Chief Justice

Do not publish.

 











 



e DeFord Properties and Homer H. DeFord. 
Nothing was said of DeFord Lumber Company. Nor was mention made of the DeFords'
"cross-action" (actually the counterclaim) against the Fishers. Finally, the trial court also
omitted any type of language akin to a Mother Hubbard clause denying all other relief or
claims sought by any party. 

 Simply put, the record fails to illustrate that the trial court disposed of all claims
asserted by or against all parties. Under these circumstances, we may "abate the appeal
to permit clarification by the trial court." Lehmann v. Har-Con Corp., 39 S.W.3d at 206; see
Tex. R. App. P. 27.2 (stating that the appellate court may allow an appealed order that is
not final to be modified so as to be made final and may allow the modified order and all
proceedings relating to it to be included in a supplemental record). 

 Accordingly, we abate the appeal and remand the cause to the trial court. Upon
remand, the trial court is ordered to disclose whether it intended the judgment to completely
dispose of all claims and all parties. If it concludes that it intended for the judgment to
dispose of all of them, it is then directed to modify the order to clearly and unequivocally
evince that intent. If it concludes that it did not so intend, such must also be disclosed to
us in writing. Finally, the trial court is directed to include each modified judgment or order
it may execute and its writing, if any, clarifying its intent regarding the finality of the
judgment in a supplemental record to be filed with the clerk of this court on or before
February 18, 2005. 


 Per Curiam