# NO. 12-18-00307-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Larry Coleman Hicks, acting pro se, appeals from "four unknown" cause numbers that he contends are "under cause 4-95-481." Texas Rule of Appellate Procedure 25.2(c)(2) states that a notice of appeal is sufficient "if it shows the party's desire to appeal from the judgment or other appealable order." TEX. R. APP. P. 25.2(c)(2). Appellant's notice of appeal does not identify any final judgment or other appealable order from which he seeks to appeal.

Thus, on November 5, 2018, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there is no final judgment or appealable order contained therewith. *See* TEX. R. APP. P. 37.2. We informed Appellant that the appeal would be dismissed unless the information was amended on or before December 5, 2018 to show this Court's jurisdiction. The deadline has passed and Appellant has not shown the jurisdiction of this Court, or otherwise responded to this Court's notice.[1]

---

[1] Appellant has also filed other appeals to challenge convictions over which we have no jurisdiction. *See Hicks v. State*, No. 12-18-00286-CR, 2018 WL 6191107 (Tex. App.—Tyler Nov. 28, 2018, no pet.) (mem. op., not designated for publication); *see also Hicks v. State*, No. 12-18-00263-CR, 2018 WL 5023619 (Tex. App.—Tyler Oct. 17, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00211-CR, 2018 WL 4214204 (Tex. App.—Tyler Sept. 5, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00164-CR, 2018 WL 3454878 (Tex. App.—Tyler July 18, 2018, no pet.) (mem. op., not designated for publication).

An appellate court has jurisdiction over a criminal appeal only from a final judgment of conviction or where expressly granted by law. ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, no pet.). The standard for determining jurisdiction is whether the appeal is authorized by law. ***Abbott v. State***, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). In this case, we have not located any rule or statutory or constitutional provision that would authorize Appellant's appeal. *See **id**.* at 697. Accordingly, because we do not have authority to consider Appellant's appeal from unknown cause numbers and an unidentified judgment or appealable order, we ***dismiss*** the appeal for ***want of jurisdiction***.[2] *See* TEX. R. APP. P. 43.2(f).

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] We also note that only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also **Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2018**

**NO. 12-18-00307-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-481)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*