# NO. 12-20-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY DEWAYNE PULLINS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Timothy Dewayne Pullins, Jr., acting pro se, filed a notice of appeal in trial court cause number 007-0509-13, in which he was convicted of aggravated robbery, a felony. Sentence was imposed on October 17, 2013. Appellant appealed and this Court affirmed Appellant's conviction on May 6, 2015. *See* ***Pullins v. State***, No. 12-13-00330-CR, 2015 WL 2124897 (Tex. App.— Tyler May 6, 2015, pet. ref'd) (mem. op., not designated for publication). Appellant filed a new notice of appeal on January 6, 2020. In the notice of appeal, Appellant mentions new evidence, claims Section 29.03 of the penal code (aggravated robbery) is unconstitutional, and contends he "made an involuntary and unlawful plea bargain to said offense." His docketing statement reflects an intent to appeal from his 2013 conviction.

Accordingly, on January 6, the Clerk of this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court. Specifically, there is no final judgment or appealable order contained therein. The notice further informed Appellant that the appeal would be dismissed unless the information was amended on or before February 5 to show this Court's jurisdiction. This deadline expired without an amended notice of appeal or other response from Appellant.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction or where expressly granted by law. *See* ***Abbott v. State***, 271 S.W.3d 694, 696–97 (Tex.

Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.). To the extent Appellant attempts to appeal from his conviction, we again note that Appellant previously appealed his conviction and this Court affirmed his conviction. ***Pullins***, 2015 WL 2124897. Our mandate issued on December 11, 2015 and Appellant's conviction is final. He is not entitled to a second appeal of that same conviction. *See **Huffman v. State**,* No. 12-19-00406-CR, 2020 WL 219232, at *1 (Tex. App.—Tyler Jan. 15, 2020, no pet. h.) (mem. op., not designated for publication); *see also **Confer v. State***, No. 03-19-00043-CR, 2019 WL 908289, at *1 (Tex. App.—Austin Feb. 22, 2019, pet. ref'd) (mem. op., not designated for publication). Only the Texas Court of Criminal Appeals possesses jurisdiction in final post-conviction felony proceedings. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). And the record does not indicate the existence of a new final judgment or other appealable order over which this Court could exercise jurisdiction.

Accordingly, for these reasons, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered February 12, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2020**

**NO. 12-20-00002-CR**

**TIMOTHY DEWAYNE PULLINS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0509-13)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*