# NO. 12-20-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN ALAN HAYS,*<br>*APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Brian Alan Hays, acting pro se, appeals from the trial court's denial of his motion for nunc pro tunc order.[1] On February 27, 2020, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, i.e., the order being appealed is not appealable. We informed Appellant that the appeal would be dismissed unless the information was amended on or before March 30 to show this Court's jurisdiction. This deadline expired without a response from Appellant.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction or where expressly granted by law. *See **Abbott v. State***, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.). We have not located any rule or statutory or constitutional provision that would authorize Appellant's appeal from the trial court's denial of his motion for nunc pro tunc order. *See **Crow v. State***, No. 05-19-

---

[1] Appellant was convicted of evading arrest or detention, and this Court affirmed his conviction in 2013. *See **Hays v. State***, No. 12-11-00313-CR, 2013 WL 2286044 (Tex. App.—Tyler May 22, 2013, no pet.) (mem. op., not designated for publication).

00550-CR, 2019 WL 3955780, at *1 (Tex. App.—Dallas Aug. 22, 2019, no pet.) (mem. op., not designated for publication) (denial of motion nunc pro tunc to correct error in sentencing, judgment, and indictment not appealable); *see also **Mitchell v. State***, No. 01-15-00402-CR, 2016 WL 3460089, at *1 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet.) (mem. op., not designated for publication) (denial of motion for judgment nunc pro tunc to correct street-time credit not appealable order).

Because the order appealed from is not an appealable order over which this Court may exercise appellate jurisdiction, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f); *see also **Diaz v. State***, No. 02-17-0003-CR, 2018 WL 359958, at *2 (Tex. App.—Fort Worth Jan. 11, 2018, no pet.) (mem. op., not designated for publication) (if jurisdiction not legally invoked, appellate court has no power to dispose of purported appeal in any manner other than dismissal for want of jurisdiction).

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-20-00065-CR**

**BRIAN ALAN HAYS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5168)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*