# NOS. 12-20-00103-CR
# 12-20-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VALMORE JOSEPH GAUDETTE,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

In 1984, a jury convicted Valmore Joseph Gaudette of aggravated sexual assault and aggravated kidnapping, both felony offenses, in trial court cause numbers 1389-84-3 and 1390-84-3. This Court affirmed Appellant's convictions. *See Gaudette v. State*, 713 S.W.2d 206 (Tex. App.—Tyler 1986, pet. ref'd). On April 3, 2020, Appellant filed a pro se notice of appeal from trial court cause numbers 1389-84-3 and 1390-84-3.

That same day, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, i.e., there is no new final judgment or appealable order contained therein. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeals would be dismissed unless the information was amended on or before April 13 to show this Court's jurisdiction. This deadline expired without a response from Appellant.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction or where expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also Young v. State*, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.). To the extent

Appellant attempts to appeal from his convictions, we again note that Appellant previously appealed his convictions and this Court affirmed his convictions. *See Gaudette*, 713 S.W.2d 206. Our mandates issued on March 3, 1988 and Appellant's convictions are final. He is not entitled to a second appeal of those same convictions. *See Huffman v. State,* No. 12-19-00406-CR, 2020 WL 219232, at *1 (Tex. App.—Tyler Jan. 15, 2020, no pet. h.) (mem. op., not designated for publication); *see also Confer v. State*, No. 03-19-00043-CR, 2019 WL 908289, at *1 (Tex. App.—Austin Feb. 22, 2019, pet. ref'd) (mem. op., not designated for publication). Only the Texas Court of Criminal Appeals possesses jurisdiction in final post-conviction felony proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). And the record does not indicate the existence of a new final judgment or other appealable order over which this Court could exercise jurisdiction.

Accordingly, for these reasons, we *dismiss* Appellant's appeals for *want of jurisdiction*. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 22, 2020

### NO. 12-20-00103-CR

**VALMORE JOSEPH GAUDETTE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. 1389-84-3)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 22, 2020

### NO. 12-20-00104-CR

**VALMORE JOSEPH GAUDETTE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. 1390-84-3)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*