

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00081-CR

CYRUS LUA GRAY III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 22nd District Court
Hays County, Texas
Trial Court No. CR-18-0567-A, Honorable R. Bruce Boyer, Presiding

July 7, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Cyrus Lua Gray III, filed a notice of appeal, pro se, from the trial court's purported denial of his "motion for exculpatory evidence."[1]  We dismiss the appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* Tex. Gov't Code Ann. § 73.001 (West 2013).

In 2018, appellant was indicted for capital murder.[2] He was appointed trial counsel, but his counsel was later allowed to withdraw. Proceeding pro se, appellant filed a "Motion for Exculpatory and Mitigating Evidence (Brady Material)" on October 19, 2020. The clerk's record does not contain a trial court order ruling on appellant's motion or a judgment of conviction.

We have jurisdiction to consider a criminal appeal from a judgment of conviction or where expressly granted by law. *McIntosh v. State,* 110 S.W.3d 51, 52 (Tex. App.—Waco 2002, order) (per curiam). Here, the record does not contain the purported trial court order denying appellant's motion for exculpatory evidence. Even if the trial court had signed such an order, we have found no authority granting immediate appellate review. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (holding that appellate courts have jurisdiction to review interlocutory orders, such as pretrial rulings, only where that jurisdiction has been expressly granted by law).

By letter of May 19, 2021, we directed appellant to file a response showing how we have jurisdiction over this appeal. Appellant filed a response but has not demonstrated grounds for continuing the appeal.

Because appellant has not presented this Court with a judgment of conviction or appealable order for review, we dismiss the appeal for want of jurisdiction and deny appellant's request for appointed appellate counsel.

Per Curiam

Do not publish.

---

[2] *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West 2019).