# NO. 12-22-00004-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HECTOR MANUEL TORRES,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Hector Manuel Torres, acting pro se, filed a notice of appeal from the trial court's denial of his motion for new trial. Appellant was convicted in August 2002. He filed his motion for new trial in October 2021 and the trial court denied the motion on November 3, 2021.

On January 5, 2022, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, i.e., the order being appealed is not an appealable order. We further notified Appellant that the appeal would be dismissed unless the notice of appeal was amended on or before February 4 to show this Court's jurisdiction. Appellant filed an amended notice of appeal on January 31, which states, "After the denial of an order by the state court, a defendant has the right to appeal such orders, Applicant has sought relief in the lower court which was denied, now he seeks the right to file an appeal against the order by the court, and ask that this court grant permission."

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction or where expressly granted by law. *See **Abbott v. State**,* 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State**,* No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State**,* 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.). An

order denying a motion for new trial is not a separately appealable order. ***Hernandez v. State***, No. 03-11-00673-CR, 2012 WL 254606, at *3 (Tex. App.—Austin Jan. 25, 2012, no pet.) (mem. op., not designated for publication); *see* ***Castillo v. State***, No. 10-21-00191-CR, 2021 WL 4307520, at *1 (Tex. App.—Waco Sept. 22, 2021, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal from 2021 dismissal of motion for new trial filed by appellant who was convicted years earlier); *see also* ***Billiot v. State***, No. 02-11-00298-CR, 2011 WL 4469232, at *1 (Tex. App.—Fort Worth Aug. 30, 2011, pet. ref'd) (per curiam) (mem. op., not designated for publication) (no statutory authorization for direct appeal from denial of motion for new trial independent of direct appeal from underlying conviction). Because the denial of Appellant's motion for new trial is not separately appealable, we ***dismiss*** the appeal for ***want of jurisdiction***.

Opinion delivered February 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 9, 2022**

**NO. 12-22-00004-CR**

**HECTOR MANUEL TORRES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 241-0574-02)

___

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*