# NO. 12-22-00179-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE DEWAYNE ANDREWS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Jackie Dewayne Andrews, acting pro se, filed a notice of appeal from the denial of a motion to appoint counsel and a motion for disclosure of "tangible things" under the Michael Morton Act.[1]  On June 29, 2022, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, namely, the order being appealed is not an appealable order. We further notified Appellant that the appeal would be dismissed unless the information was amended on or before July 29 to show the jurisdiction of the Court.  Appellant filed an amended notice of appeal that reiterates his intent to appeal from the denial of his two motions.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction, an appealable order, or where expressly granted by law.  *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also Young v. State*, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.); TEX. R. APP. P. 26.2(a).  A motion to compel discovery under the

---

[1] In 2000, Appellant was convicted of capital murder and sentenced to life in prison.  This Court affirmed his conviction.  *See Andrews v. State*, 78 S.W.3d 13 (Tex. App.—Tyler 2002, pet. dism'd).

Michael Morton Act is not an appealable order.[2]  *See Padilla v. State*, No. 03-18-00065-CR, 2018 WL 3118542, at *2 (Tex. App.—Austin June 26, 2018, no pet.) (mem. op., not designated for publication); *see also Bibbs v. State*, No. 02-18-00391-CR, 2018 WL 5832161, at *1 n.2 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op., not designated for publication).  Nor is the denial of a motion to appoint counsel appealable.  *See Campbell v. State*, No. 01-18-00087-CR, 2018 WL 2305526, at *1 (Tex. App.—Houston [1st Dist.] May 22, 2018, no pet.) (mem. op., not designated for publication) (per curiam) (dismissing, for want of jurisdiction, appeal from denial of request for appointed counsel to represent appellant in seeking post-conviction DNA testing because appeal was not from final order denying motion for DNA testing); *see also Martin v. State*, No. 02-18-00119-CR, 2018 WL 2248497, at *2 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op., not designated for publication) (dismissing, for want of jurisdiction, appeal from denial of motion for appointed counsel; trial court's order denied request for counsel and not request for DNA testing, nor was there a motion for DNA testing in record).

Because there is no appealable order over which this Court has jurisdiction, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.  *See* Tex. R. App. P. 43.2(f).

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Additionally, the Act only applies to offenses committed on or after January 1, 2014; thus, it is inapplicable to this case.  *See Padilla v. State*, No. 03-18-00065-CR, 2018 WL 3118542, at *2 (Tex. App.—Austin June 26, 2018, no pet.) (mem. op., not designated for publication); *see also* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 3, 2013 Tex. Gen. Laws 106, 108.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-22-00179-CR**

**JACKIE DEWAYNE ANDREWS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-81320-99)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*