# NO. 12-23-00184-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *ZACCHEUAS ALBRO* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Zaccheuas Albro, acting pro se, filed a notice of appeal to complain of his $500,000 bond amount. He provides a copy of a letter, dated January 4, 2023, from his then counsel, in which counsel states that he "will not appeal a frivolous matter as denial of bail." The Angelina County online records reflect that Appellant has new counsel and that an application for writ of habeas corpus was filed on May 22, 2023. There is no indication that the trial court ruled on the habeas application. On July 14, 2023, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., there is no final judgment or appealable order contained therein. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before July 24 to show this Court's jurisdiction. This deadline passed without a response from Appellant or an amended notice of appeal. The Clerk of this Court subsequently sent the same notice to Appellant's court appointed counsel, giving a deadline of August 11. Again, this Court received no response. This Court did receive notice that Appellant's court appointed counsel filed a motion to withdraw.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction, an appealable order, or where expressly granted by law. *See **Abbott v. State***, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.)

(mem. op. not designation for publication); **McIntosh v. State**, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.); TEX. R. APP. P. 26.2(a). Because the trial court has not signed an appealable order denying Appellant's application for writ of habeas corpus, we dismiss the appeal for want of jurisdiction. *See **Ex parte Evans***, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.) (dismissing appeal for want of jurisdiction absent signed final order denying application for writ of habeas corpus).

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-23-00184-CR**

**EX PARTE: ZACCHEUAS ALBRO**

---

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2022-0590)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*