# NO. 12-23-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM LAMBERT SKINNER, III,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

William Lambert Skinner, III, acting pro se, filed a notice of appeal to challenge the trial court's order granting a motion to withdraw as counsel.

On August 22, 2023, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., the order being appealed is not an appealable order. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before September 21 to show this Court's jurisdiction. Appellant filed a motion for extension of time, which this Court overruled for failure to comply with Texas Rule of Appellate Procedure 9.5's service requirements. *See* TEX. R. APP. P. 9.5. This Court received no further communication from Appellant.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction, an appealable order, or where expressly granted by law. *See **Abbott v. State***, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.); TEX. R. APP. P. 26.2(a). We do not have jurisdiction to review an

interlocutory order unless jurisdiction has been expressly granted by law. ***Ragston v. State***, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). This Court is unaware of any law authorizing an interlocutory appeal from an order granting a motion to withdraw as counsel. Accordingly, we ***dismiss*** the appeal for ***want of jurisdiction***.[1]

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Appellant also filed a mandamus petition to challenge the trial court's ruling. This Court denied the petition because the hearing on the motion to withdraw affirmatively reflected Appellant's intention to proceed pro se, which resulted in the ruling he challenged, and he could not establish an abuse of discretion when he caused the complained of ruling. ***In re Skinner***, No. 12-23-00214-CR, 2023 WL 5970787, at *1 (Tex. App.—Tyler Sept. 13, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00213-CR**

**WILLIAM LAMBERT SKINNER, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 54561-B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*