# NO. 12-23-00248-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
| *WILLIAM WALKER,*<br>*APPELLANT* | § | *JUDICIAL DISTRICT COURT* |
| | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

William Walker, acting pro se, filed a notice of appeal regarding his application for writ of habeas corpus seeking a bond reduction. The application was filed on January 31, 2023, and the trial court signed a writ ordering that the Sheriff of Angelina County, Texas produce Appellant for a hearing on March 6, 2023. The Angelina County online records reflect that a hearing occurred on March 6, but there is no indication that the trial court signed a written order on the habeas application. Furthermore, the Angelina County District Clerk's Office informed the Clerk of this Court that the trial court has not signed a written order on Appellant's habeas application. Appellant filed his notice of appeal on September 28.

That same day, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., there is no final judgment or appealable order contained therein. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before October 9 to show this Court's jurisdiction. Appellant filed an amended notice of appeal on October 18, but the amended notice still fails to show the jurisdiction of this Court.

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction, an appealable order, or where expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not

whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.– Waco 2002, no pet.); TEX. R. APP. P. 26.2(a). Because the trial court has not signed an appealable order denying Appellant's application for writ of habeas corpus, we dismiss the appeal for want of jurisdiction.[1]  *See **Ex parte Evans***, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.) (dismissing appeal for want of jurisdiction absent signed final order denying application for writ of habeas corpus).

Opinion delivered October 18, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Appellant also has a petition for writ of mandamus pending in this Court, Appellate Cause Number 12-23-000264-CR.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 18, 2023**

**NO. 12-23-00248-CR**

**EX PARTE: WILLIAM WALKER**

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2022-0666)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*